UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYREE FORD,

    Plaintiff,

v.                                Case No.:   2:22-cv-402-SPC-NPM

NOELLE BRAMMIND and LEE
COUNTY TAX COLLECTOR,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Tyree Ford's Complaint (Doc. 1). Ford—a pretrial detainee at Lee County Jail—filed this civil-rights action under 42 U.S.C. § 1983 against the Lee County tax officials. Magistrate Judge Nicholas Mizell granted Ford leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

42 U.S.C. § 1983 authorizes civil-rights actions against state officials. To state a claim for relief under § 1983, a plaintiff first must allege a violation of

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

a right secured by the Constitution or under the laws of the United States; and second, allege that the deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Ford complains that Lee County tax officials mishandled certain real estate transactions. The Court cannot discern the precise nature of Ford's allegations, but they involve a "fraudulent tax assessment" and a tax sale made without prior notice. (Doc. 1 at 5-6). He asks the Court to award $2.5 million dollars, restore a deed, void tax deed certificates, order Defendant Noelle Brammind to apologize, and order the refund of all taxes paid since 2017.

This is a matter for state court. Ford fails to state a claim under § 1983 because he does not allege a violation of a constitutional right. What is more, the Tax Injunction Act, 28 U.S.C. § 1341, generally prohibits federal district courts from enjoining, suspending, or restraining the assessment, levy, or collection of any tax under state law. See *California v. Grace Brethren Church,* 457 U.S. 393, 407-08 (1982).

Ford fails to state a claim, and it appears that amendment would be futile because this action may not be brought in federal court. Ford must challenge state tax assessments in state court.

Accordingly, it is now

**ORDERED:**

2

Plaintiff Tyree Ford's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment against Plaintiff and for Defendants, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 9, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:  All Parties of Record